IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-07-192 (1) |
| | § | C.A. No. C-09-57 |
| JUAN DOMINGUEZ-LOPEZ, | § | |
| | § | |
|    Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Juan Dominguez-Lopez's ("Dominguez-Lopez") motion to vacate, set aside or correct his sentence pursuant to § 2255, which was received by the Clerk on March 23, 2009, along with his supporting brief. (D.E. 185, 186.)[1] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Dominguez-Lopez's motion because the claims raised therein do not entitle him to relief.[2] Additionally, the Court DENIES Dominguez-Lopez a Certificate of Appealability.

---

[1] Dockets entries refer to the criminal case, C-07-cr-192.

[2] The Court further notes that the motion is likely barred by the applicable one-year statue of limitations. That is, Dominguez-Lopez's conviction became final in July 2007. His motion was not received by the Clerk until March 23, 2009. Although he offers an explanation as to the motion's untimeliness, the the Court's resolution of her motion on other grounds makes it unnecessary for the Court to determine whether this explanation is sufficient to entitle him to tolling. As noted herein, the claims raised in his motion fail on their merits.

1

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On April 11, 2007, Dominguez-Lopez, along with other co-defendants, was charged in a three-count indictment with one count of conspiracy to transport illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(I) (Count One) and two counts of aiding and abetting each other to transport an illegal alien, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(ii) (Counts Two and Three). On May 15, 2007, Dominguez-Lopez pleaded guilty to all three counts. (D.E. 103, 109.) Although the docket contains a copy of a signed plea agreement, the Defendant's guilty plea was not pursuant to any written plea agreement. Instead, he elected to proceed without the benefit of an agreement. (See D.E. 103; see also Presentence Investigation Report at ¶ 2.)

The Court ordered that a Presentence Investigation Report ("PSR") be prepared. (D.E. 110.) The PSR calculated Dominguez-Lopez's base offense level as an 18. He received a three-level adjustment for his role in the offense, because he was deemed a manager/supervisor of criminal activity that involved five or more participants or was otherwise extensive. (PSR at ¶ 41.) The PSR also increased his offense level by two levels pursuant to U.S.S.G. § 3C1.1, based on his obstruction of justice. (PSR at ¶ 42.) Specifically, the PSR described how Dominguez-Lopez attempted to exonerate two of his co-defendants (one of whom was his wife) by falsely claiming full responsibility for the instant offense. He submitted to the Court an affidavit in support of dismissal in which he attested to information that contradicts admitted facts of the case, including facts and admissions by those two co-defendants. (PSR at ¶ 34.) Because of the enhancement for obstruction

of justice, the PSR also recommended that Dominguez-Lopez not receive an adjustment for acceptance of responsibility. (PSR at ¶ 44.)

His resulting total offense level was 23. (PSR at ¶ 47.) When coupled with his criminal history category of III, Dominguez-Lopez's resulting guideline range was 57 to 71 months. (PSR at ¶ 65.)

Dominguez-Lopez's counsel, Irma Mendoza Sanjines, filed written objections to the PSR. They included an objection to the adjustment for obstruction of justice and an objection to the PSR's failure to adjust his offense level for acceptance of responsibility. (D.E. 138; see also D.E. 142.)

At sentencing on July 16, 2007, counsel re-urged the objections. After hearing argument and testimony on them, the Court denied all of Dominguez-Lopez's objections. (See generally Digital Recording of July 16, 2007 Sentencing Proceedings.) The Court sentenced Dominguez-Lopez to concurrent 57-month terms of imprisonment on each of the three counts, to be followed by concurrent three-year supervised release terms. The Court also imposed a $300 special assessment. Judgment was entered on July 18, 2007. (D.E. 158, 174.) Dominguez-Lopez did not appeal.

On March 23, 2009, the Clerk received Dominguez-Lopez's § 2255 motion. (D.E. 185.) In his motion, Dominguez-Lopez lists two grounds for relief. The first of these is listed in his motion as "denial effective assistance of counsel." (D.E. 185 at 5.) Neither his motion nor his supporting brief provide any details in support of this claim or the factual basis for it. (See D.E. 185 at 5, D.E. 186 at 1-2.) His supporting brief merely states that he was denied effective assistance of counsel "during the Rule 11 and Sentencing Hearings." (D.E. 186 at 2.) He does not identify any specific

3

errors or alleged failures by counsel.

His second ground for relief is that he "qualified for an adjustment for acceptance of responsibility." (D.E. 185 at 5.) He argues that his is the extraordinary case in which an obstruction of justice enhancement was applied, but in which a reduction for acceptance should nonetheless be given. He claims that his case "was the exception in that [he] lied to accept total blame and not that Petitioner lied to not accept responsibility." (D.E. 186 at 3.)

Both of Dominguez-Lopez's claims fail on their merits. For this reason, discussed in more detail below, the Court concludes that Dominguez-Lopez is not entitled to relief.

### III. DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**B.    Claim of Ineffective Assistance of Counsel**

Moore's first ground for relief is a vague claim that his counsel was constitutionally ineffective. An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984).

United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on such a claim, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted above, nowhere in either his motion or his supporting brief does Dominguez-Lopez identify any alleged error or failure by his counsel. He offers no facts in support of his claim. The claim fails because it is conclusory. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (citation omitted).

### C. Claim That Court Erred in Denying Dominguez-Lopez an Adjustment for Acceptance of Responsibility

#### 1. Procedural Bar

In Dominguez-Lopez's second claim, he contends that he should have received an adjustment to his offense level for acceptance of responsibility. As an initial matter, the Court notes that Dominguez-Lopez's second claim is procedurally barred from consideration here. Specifically, to the extent he is challenging the Court's decisions at sentencing, that is a claim that should have been raised on appeal. His failure to appeal from his sentence precludes consideration of that claim

here. See United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (citing United States v. Frady, 456 U.S. 152, 165 (1982) (a section 2255 motion will not be allowed to "do service for an appeal"). Indeed, after a defendant has been convicted and exhausted his appeals or waived the right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." Shaid, 937 F.2d at 231-32 (quoting Frady, 456 U.S. at 164).

Dominguez-Lopez's second claim is thus procedurally barred from consideration, because he has not asserted a claim of constitutional or jurisdictional magnitude, nor has he alleged or shown either: (1) good cause for failing to raise the issues on direct appeal; and (2) actual prejudice resulting from the alleged error. See Frady, 456 U.S. at 164 (requiring a movant to show good cause and actual prejudice in order to overcome procedural default). His failure to satisfy Frady's cause and actual prejudice test serves as a waiver of the issue and a procedural bar to section 2255 review. See Shaid, 937 F.2d at 232.[3]

### 2. Merits of Claim

Moreover, even if it were not procedurally barred, Dominguez-Lopez's claim fails because it is not the type of claim that can be brought in a § 2255 proceeding. That is, a claim that the Court erred at sentencing in applying the sentencing guidelines is not cognizable here. See United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue") (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999)

---

[3] The Supreme Court has recognized but one exception to the cause and prejudice test, and that exception is very narrowly limited to "'extraordinary' cases involving 'manifest miscarriage[s] of justice' that would result in the continued incarceration of one actually innocent of the offense." Shaid, 937 F.2d at 232 (citing Smith v. Murray, 477 U.S. 527, 537 (1986); Murray v. Carrier, 477 U.S. 478, 496 (1986)). This exception is inapplicable in the instant action as Dominguez-Lopez does not claim actual innocence.

(misapplication of the sentencing guidelines is not a cognizable claim in a § 2255 motion).

To the extent his claim could be construed liberally as one that counsel was ineffective for failing to object to the failure to adjust for acceptance (a claim that *would* be cognizable in these proceedings), such a claim fails because Dominguez-Lopez cannot establish that his counsel was deficient, nor can he show any prejudice as a result of any action or inaction by counsel.

His sentencing attorney in fact filed a written objection to the failure to award acceptance and also reiterated that objection at sentencing. After hearing argument from defense counsel and the prosecuting AUSA, as well as hearing from the Probation Office and Dominguez-Lopez's wife, whose testimony confirmed that Dominguez-Lopez had made false statements in his earlier affidavit, the Court overruled the objection and counsel's other objections. However, because counsel in fact made that objection and because the Court overruled it, Dominguez-Lopez can establish neither deficiency or prejudice. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004) (to establish prejudice as a result of ineffective assistance of counsel at sentencing, a § 2255 movant must show a reasonable probability that, but for counsel's errors, he would have received a lesser sentence).

For all of the foregoing reasons, Dominguez-Lopez's § 2255 motion is DENIED.

**D.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Dominguez-Lopez has not yet filed a notice of appeal, this Court nonetheless addresses whether she would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court

7

that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Dominguez-Lopez's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Dominguez-Lopez is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Dominguez-Lopez's motion under 28 U.S.C. § 2255 (D.E. 185) is DENIED.  The Court also DENIES him a Certificate of Appealability.

It is so ORDERED this 27th day of March, 2009.

_____
Janis Graham Jack
United States District Judge